IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No.: 22-cr-148 |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | CONSENT MOTION TO CONTINUE |
| RILEY KASPER, ) | STATUS CONFERENCE AND TO |
| ) | EXCLUDE TIME UNDER THE SPEEDY |
| Defendant. ) | TRIAL ACT |

Defendant, through counsel, with the consent of the United States of America (the "government"), hereby respectfully moves this Court for a continuance of the status conference, currently set for May 19, 2023 at 12:30 p.m. via Zoom. Also, with consent of the government, the Defendant moves to exclude the time within which the trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, until the date of the next status hearing. In support of this consent motion the Defendant states as follows:

1. On April 29, 2022, Mr. Kasper was charged by Indictment with various offenses stemming from the riots at the United States Capitol on January 6, 2021. On March 24, 2022, Mr. Kasper made his initial appearance before this Honorable Court and was released on conditions of pretrial release. Mr. Kasper has pleaded not guilty. The under-signed filed his appearance on February 9, 2023.

2. A status conference is scheduled for May 19, 2023 at 12:30 p.m. via Zoom before Judge Royce C. Lamberth.

3. The parties last convened before this Court on February 10, 2023. Since then, the undersigned has continued to review the voluminous discovery provided by the government with

1

Mr. Kasper. Additionally, the undersigned has continued to meet with Mr. Kasper since his appointment. In order to permit Mr. Kasper an opportunity to determine whether or not he wishes to take his case to trial, and in order to permit the parties more time to determine whether a plea agreement can be reached, Mr. Kasper seeks a continuance of the status conference by approximately 30 days or another day thereafter at the Court's convenience.

4. Additionally, the Defendant advises the Court that the parties began to engage in plea negotiations before the last scheduled status conference (April 20, 2023), and that the parties continue to engage in plea negotiations in an effort to resolve the instant cause short of trial. Plea negotiations remain ongoing.

5. Undersigned contacted counsel for the government in this matter, Christopher Brunwin, and is authorized to state that the government <u>consents</u> to the relief requested in this motion.

6. The need for reasonable time to address discovery obligations is among multiple pretrial preparation grounds that Courts of Appeals, including the District of Columbia Circuit, have routinely held sufficient to grant continuances and exclude time under the Speedy Trial Act – and in cases involving far less complexity in terms of the volume and nature of data, and the number of defendants entitled to discoverable materials. See, e.g., *United States v. Bikundi*, 926 F.3d 761, 777-78 (D.C. Cir. 2019) (upholding ends-of-justice continuances totaling 18 months in two co-defendant health care fraud and money laundering conspiracy case, in part because the District Court found a need to "permit defense counsel and the government time to both produce discovery and review discovery"); *United States v. Gordon*, 710 F.3d 1124, 1157-58 (10th Cir. 2013) (upholding ends-of-justice continuance of ten months and twenty-four days in case involving violation of federal securities laws, where discovery included "documents detailing the

hundreds of financial transactions that formed the basis for the charges" and "hundreds and thousands of documents that needs to be catalogued and separated, so that the parties could identify the relevant ones") (internal quotation marks omitted); *United States v. O'Connor*, 656 F.3d 630, 640 (7th Cir. 2011) (upholding ends-of-justice continuances totaling five months and 20 days in wire fraud case that began with eight charged defendants and ended with a single defendant exercising the right to trial, based on "the complexity of the case, the magnitude of the discovery, and the attorneys' schedules").

For the foregoing reasons, the Defendant, through counsel, respectfully requests that this Court grant the motion for an approximately 30-day continuance of the above-captioned proceeding, or until the next status hearing set by the Court, and that the Court exclude the time within which the trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, on the basis that the ends of justice served by taking such actions outweigh the best interest of the public and the defendant in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv), and failure to grant such a continuance would result in a miscarriage of justice.

FEDERAL DEFENDER'S OFFICE
222 Third Avenue SE, Suite 290
Cedar Rapids, IA  52401-1509
TELEPHONE: (319) 363-9540
TELEFAX: (319) 363-9542

BY: /s/ Christopher J. Nathan
CHRISTOPHER J. NATHAN
christopher_nathan@fd.org
ATTORNEY FOR DEFENDANT

CERTIFICATE OF SERVICE
I hereby certify that on May 18, 2023, I electronically filed this document with the Clerk of Court using the ECF system which will serve it on the appropriate parties.

By:   /s/ Chris Nathan